220107

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAY GONSALVES

VS.                                                                                           CA NO:

BJ'S WHOLESALE CLUB, INC., Administrator
BJ'S Wholesale Club, Inc Long-Term Disability Benefits Plan
and  LINCOLN  LIFE ASSURANCE COMPANY OF BOSTON, Alias

## COMPLAINT IN CIVIL ACTION

NOW COMES  the Plaintiff,  Jay Gonsalves by his attorney, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of his Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which he was entitled under an employee benefit plan.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and a resident of 47 South Street,

Pawtucket, RI 02860.  At all times material hereto, Plaintiff has been an employee of BJ'S Wholesale Club, Inc. (hereinafter the Employer) since in or about November 4, 2013, most recently as the Asset Control Manager—Manager Internal Security.

2. The Employer, incorporated in the Commonwealth of Massachusetts, with a principal place of business at 25 Research Drive Westborough MA 01581  is a corporation authorized to do business in the State of Rhode Island doing business as a retail and wholesale goods seller in various locations throughout the United States.

3.  The Employer is an  employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the BJ'S Wholesale Club, Inc Long-Term Disability Benefits Plan (herein  the Plan) and BJ'S Wholesale Club, Inc.  is the plan sponsor of the Plan within the meaning of ERISA.

5.  Defendant BJ'S Wholesale Club, Inc  (herein Plan Administrator), is a corporation which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant  Lincoln  Life Assurance Company Of Boston, (hereinafter Lincoln) is a corporation engaged in the business of insurance with a principal place of business in Loudon KY and which is authorized to do business in the State of Rhode Island.

### FACTUAL ALLEGATIONS

7. At all times material hereto, the Employer and the Plan Administrator caused  Lincoln to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from Lincoln.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and Lincoln jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about May 4, 2017 Plaintiff sustained substantial injuries.

13. Since on or about May 4, 2017 Plaintiff has been unable to perform the substantial duties of his job or from any substantial and gainful employment.

14. Since May 4, 2017, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including: spinal stenosis, lumbar region, low back pain. multilevel disc collapse with nerve compression, left leg pain, right shoulder pain. reflux, depression, high blood pressure, high cholesterol and bipolar disorder.

15. As a result of his injuries and illnesses, since on or about May 4, 2017, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about October 31, 2017, following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

17. On or about October 24, 2019 the Plan Administrator, and Lincoln discontinued Plaintiff's disability benefits, even though he remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of his benefits in accordance with the Plan requirements and instructions in the initial letter of denial, however, on or about February 18, 2020 the Plan Administrator and Lincoln denied Plaintiff's appeal.

19. There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

20. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

21. Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

22. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

23. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

**(ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)**

24. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 23, inclusive, as if more fully set forth herein.

25. The Plan Administrator and Lincoln owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

26. Since on or about May 4, 2017 Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

27. The Plan Administrator and Lincoln terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

28. The denial of Plaintiff's disability benefits by the Plan Administrator and Lincoln constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

29. Lincoln has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

30. By virtue of the actions of the Plan Administrator and Lincoln, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over his claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

                    Plaintiff
                    By his Attorneys,
                    Law Office of Mark B. Morse, LLC

/s/ Mark B. Morse
_____

Mark B. Morse
RI Bar Reg No 3003
420 Angell Street
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com